**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number (if known) _____ Chapter  **11**

☐ Check if this an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Maines Funding Corporation** |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 16-1522136 |
| 4. | Debtor's address | **Principal place of business**<br><br>**101 Broome Corporate Parkway**<br>**P.O. Box 450**<br>**Conklin, NY 13748**<br>Number, Street, City, State & ZIP Code<br><br>**Broome**<br>County | **Mailing address, if different from principal place of business**<br><br>_____<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | www.maines.net |
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor **Maines Funding Corporation**      Case number (*if known*)
      Name

7. **Describe debtor's business**

   A. *Check one:*
   - ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   - ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   - ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   - ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   - ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   - ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   - ■ None of the above

   B. *Check all that apply*
   - ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
   - ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
   - ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
       7223

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   *Check one:*
   - ☐ Chapter 7
   - ☐ Chapter 9
   - ■ Chapter 11. Check **all** that apply:
     - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ■ A plan is being filed with this petition.
     - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
     - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
     - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
   - ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   ■ No.
   ☐ Yes.

   If more than 2 cases, attach a separate list.

   | District | When | Case number |
   |---|---|---|
   | District | When | Case number |

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    ☐ No
    ■ Yes.

    List all cases. If more than 1, attach a separate list

    | Debtor | **See Schedule 1 Attached** | Relationship | |
    |---|---|---|---|
    | District | | When | Case number, if known |

Debtor  **Maines Funding Corporation**　　　　　　　　　　　Case number (*if known*) _____
　　　　　Name

### 11. Why is the case filed in *this district*?

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

### 12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?

☒ No

☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
　What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____
　　　　　　　　　　　　　Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.　Insurance agency _____
　　　　　Contact name _____
　　　　　Phone _____

### ■ Statistical and administrative information

### 13. Debtor's estimation of available funds

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

### 14. Estimated number of creditors

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

### 15. Estimated Assets

☒ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

### 16. Estimated liabilities

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☒ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor  __Maines Funding Corporation__  Case number (if known) _____
        Name

### Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/10/20
              MM / DD / YYYY

X _[signature]_

Signature of authorized representative of debtor

John C. DiDonato
Printed name

Title  Chief Restructuring Officer

**18. Signature of attorney**

X _[signature]_                                 Date  06/10/2020
Signature of attorney for debtor                     MM / DD / YYYY

Laura Davis Jones
Printed name

Pachulski Stang Ziehl & Jones LLP
Firm name

919 N. Market Street
17th Floor
Wilmington, DE 19899
Number, Street, City, State & ZIP Code

Contact phone  302-652-4100       Email address  ljones@pszjlaw.com

2436 DE
Bar number and State

# SCHEDULE 1

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. The Debtors have moved for joint administration of these cases for procedural purposes only under the case number assigned to the chapter 11 case of Maines Paper & Food Service, Inc.

1. Maines Funding Corporation
2. Maines Paper & Food Service, Inc.
3. Maines Paper & Food Service - Chicago, Inc.
4. Maines Paper & Food Service - Dallas, Inc.
5. Maines Paper & Food Service - Great Lakes, Inc.
6. Maines Paper & Food Service - Maryland, Inc.
7. Maines Paper & Food Service - Mid-Atlantic, Inc.
8. Maines Paper & Food Service - New England, Inc.
9. Maines Paper & Food Service - NY Metro, Inc.
10. Maines Paper & Food Service - Ohio, Inc.
11. Maines Paper & Food Service - Tennessee, Inc.
12. Maines Paper & Food Service - Worcester, Inc.
13. Warehouse & Logistics, Inc.

ACTION BY UNANIMOUS WRITTEN CONSENT OF THE
THE BOARDS OF DIRECTORS OF
MAINES PAPER & FOOD SERVICE, INC., MAINES FUNDING CORPORATION,
MAINES PAPER & FOOD SERVICE - CHICAGO, INC., MAINES PAPER & FOOD
SERVICE - DALLAS, INC., MAINES PAPER & FOOD SERVICE - GREAT LAKES,
INC., MAINES PAPER & FOOD SERVICE - MARYLAND, INC., MAINES PAPER &
FOOD SERVICE - MID-ATLANTIC, INC., MAINES PAPER & FOOD SERVICE - NEW
ENGLAND, INC., MAINES PAPER & FOOD SERVICE - NY METRO, INC., MAINES
PAPER & FOOD SERVICE - OHIO, INC., MAINES PAPER & FOOD SERVICE -
TENNESSEE, INC., MAINES PAPER & FOOD SERVICE - WORCESTER, INC.,
AND WAREHOUSE & LOGISTICS, INC.

**Effective as of June 9, 2020**

The undersigned, being all of the members of the Boards of Directors (collectively, the "Boards" and each, a "Board") of Maines Paper & Food Service, Inc., a New York corporation ("MPFS"), Maines Funding Corporation, a Delaware corporation ("MFC"); Maines Paper & Food Service - Chicago, Inc., a Delaware corporation ("MPFS-Chicago"); Maines Paper & Food Service - Dallas, Inc., a Delaware corporation ("MPFS-Dallas"); Maines Paper & Food Service - Great Lakes, Inc., a Delaware corporation ("MPFS-Great Lakes"); Maines Paper & Food Service - Maryland, Inc., a Delaware corporation ("MPFS-MD"); Maines Paper & Food Service - Mid-Atlantic, Inc., a Delaware corporation ("MPFS-Mid-Atlantic"); Maines Paper & Food Service - New England, Inc. ("MPFS-NE"), a Delaware corporation; Maines Paper & Food Service - NY Metro, Inc., a Delaware corporation ("MPFS-NY"); Maines Paper & Food Service - Ohio, Inc., a Delaware corporation ("MPFS-OH"); Maines Paper & Food Service - Tennessee, Inc., a Delaware corporation ("MPFS-TN"); Maines Paper & Food Service - Worcester, Inc., a Delaware corporation ("MPFS-Worcester"); and Warehouse & Logistics, Inc., a Delaware corporation ("W&L" and, together with MPFS, MFC, MPFS-Chicago, MPFS-Dallas, MPFS-Great Lakes, MPFS-MD, MPFS-Mid-Atlantic, MPFS-NE, MPFS-NY, MPFS-OH, MPFS-TN, and MPFS-Worcester, collectively, the "Companies" and each, a "Company"), pursuant to applicable law and the applicable governing documents of each Company, do hereby consent that the resolutions set forth below shall be deemed to have been adopted to the same extent and to have the same force and effect as though adopted at a meeting of the applicable Board duly called and held for the purpose of acting upon proposals to adopt such resolutions and direct that this Action by Unanimous Written Consent be filed in the records of each Company.

I.      **Amendment of Bylaws**

**WHEREAS,** by reason of the resignations of David Maines and William Maines, and the removal of Christopher I. Mellon, from the Boards of Directors of the Companies, James D. Decker has become and is the sole remaining director of each Company;

**RESOLVED,** that to the extent that the Bylaws of any Company require that the number of directors constituting the Board of Directors of such Company be a number larger than one (1), the Bylaws of such Company are hereby amended to the extent necessary to

authorize that the number of directors that may constitute the Board of Directors of such Company may be one (1).

## II. Fixing of Number of Directors

**RESOLVED**, to the extent that the Bylaws of any Company require or permit that the number of directors be fixed by resolution or action of the Board of Directors of such Company, such Board hereby fixes the number of directors of such Company as one (1).

## III. Appointment of Officers

**RESOLVED**, that Mark Western, David McCormack and Abhimanyu Gupta each is hereby appointed to the office of Deputy Chief Restructuring Officer of each Company, to serve in such office at the pleasure of the Board until his resignation or removal, with such duties as the Chief Restructuring Officer shall prescribe.

## IV. Chapter 11 Proceedings

**WHEREAS**, the Boards have reviewed the historical performance of the Companies and the current and long-term liabilities of the Companies;

**WHEREAS**, the Boards have reviewed the materials presented by the management of and the advisors to the Companies regarding the possible need to liquidate the Companies, and has analyzed each of the strategic alternatives available to it, and the impact of the foregoing on the Companies' business and its stakeholders;

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Boards, it is desirable and in the best interests of the Companies, their creditors, employees, stockholders and other stakeholders that a petition be filed by each Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**RESOLVED**, that the officers of each Company (each, an "Authorized Officer") be, and each of them hereby is, authorized on behalf of their respective Company to execute, verify and file all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that any such Authorized Officer deems necessary, desirable and proper in connection with such Company's chapter 11 case, with a view to the successful prosecution of such case;

**RESOLVED**, that the Authorized Officers, on behalf of their respective Companies, are authorized, empowered and directed to retain the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZ&J") as bankruptcy counsel to represent and assist the Company in carrying out its duties under chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the rights of each of such Companies in connection therewith, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of PSZ&J;

**RESOLVED**, that John C. DiDonato of Huron Consulting Services LLC, previously appointed to serve as Chief Restructuring Officer of Maines Paper & Food Service,

Inc., is hereby appointed to serve as Chief Restructuring Officer of each Company, shall be an Authorized Officer (as defined in these resolutions), and is hereby authorized to make decisions with respect to all aspects of the management and operation of each Company's business including, without limitation, organization, human resources, logistics, finance, administration, and oversight and prosecution of each Company's bankruptcy case, including, but not limited to, bankruptcy-related reporting requirements, filing of Statement of Financial Affairs, Schedule of Assets and Liabilities, filing of a chapter 11 plan and related disclosure statement, claims management, managing outside professionals and such other aspects as he may identify, in such manner as he deems necessary or appropriate in his sole and reasonable discretion consistent with the business judgment rule, subject only to appropriate governance by the applicable Board, in accordance with each Company's certificate of incorporation, certificate of formation, bylaws, applicable laws and applicable bankruptcy law and orders of the Court;

**RESOLVED**, that the Authorized Officers of each Company be, and hereby are, authorized and directed to employ any other professionals necessary to assist such Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 case and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper;

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized on behalf of the Company to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by any such Authorized Officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful chapter 11 case, including, but not limited to the development, filing and prosecution to confirmation of a chapter 11 plan and related disclosure statement;

**RESOLVED**, that any and all actions heretofore taken by any Authorized Officer or the directors of each Company in the name and on behalf of the Company in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and hereby are, ratified, confirmed, and approved in all respects; and

**RESOLVED**, that in connection with the commencement of the chapter 11 case by each Company, the Authorized Officers be and hereby are, authorized and empowered on behalf of, and in the name of, the Company, to negotiate, execute and deliver a cash collateral arrangement and the related guarantees thereto (including, in connection therewith, such notes, security agreements and other agreements or instruments as such officers consider appropriate) on the terms and conditions such officer or officers executing the same may consider necessary, proper or desirable, such determination to be conclusively evidenced by such execution or the taking of such action, and to consummate the transactions contemplated by such agreements or instruments on behalf of the Company and any affiliates.

IN WITNESS WHEREOF, the undersigned have executed this Action by Unanimous Written Consent as of the date first written above.

BOARDS OF DIRECTORS OF

MAINES PAPER & FOOD SERVICE, INC.
MAINES PAPER & FOOD SERVICE - MID-ATLANTIC, INC.
MAINES PAPER & FOOD SERVICE - NEW ENGLAND, INC.
MAINES PAPER & FOOD SERVICE - NY METRO, INC.
MAINES PAPER & FOOD SERVICE - OHIO, INC.
MAINES FUNDING CORPORATION
MAINES PAPER & FOOD SERVICE - CHICAGO, INC.
MAINES PAPER & FOOD SERVICE - DALLAS, INC.
MAINES PAPER & FOOD SERVICE - GREAT LAKES, INC.
MAINES PAPER & FOOD SERVICE - MARYLAND, INC.
MAINES PAPER & FOOD SERVICE - TENNESSEE, INC.
MAINES PAPER & FOOD SERVICE - WORCESTER, INC.
WAREHOUSE & LOGISTICS, INC.

_____
James D. Decker

*[SIGNATURE PAGE TO UNANIMOUS WRITTEN CONSENT
OF THE BOARDS OF DIRECTORS]*

**Fill in this information to identify the case:**

Debtor name: Maines Paper & Food Service, Inc., *et al.*

United States Bankruptcy Court for the: District of Delaware
(State)

Case number (If known): 20-_____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (on a Consolidated Basis)    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | RESTAURANT SERVICES, INC. 5200 BLUE LAGOON DRIVE MIAMI, FL 33126 | Elise Romero Tel: 305-529-2107 Email: ERomero@rsilink.com | Trade | | | | $11,829,889 |
| 2 | COCA-COLA NORTH AMERICA PO BOX 102703 ATLANTA, GA 30368-2703 | Lorraine Reed Tel: 800-638-1985 Fax: 404-253-4162 Email: distributorar@coca-cola.com | Trade | | | | $11,439,502 |
| 3 | TIM HORTONS USA INC 5505 BLUE LAGOON DR MIAMI, FL 33126-2029 | Julia Kim Tel: 905-339-6010 Email: jkim@rbi.com | Trade | | | | $6,878,717 |
| 4 | ERNST & YOUNG CAPITAL ADVISORS, LLC 5 TIMES SQUARE NEW YORK, NY 10036 | Dan Brandt Tel: 212-773-5058 Email: dan.brandt@ey.com | Professional Services | | | | $2,501,843 |
| 5 | BIRCHWOOD FOODS 1821 DIVIDEND DRIVE COLUMBUS, OH 43228-3848 | Alan Demory Tel: 800-541-1685-... Fax: 262-859-2414 Email: jchaffee@bwfoods.com | Trade | | | | $2,487,500 |
| 6 | IMPOSSIBLE FOODS INC 400 SAGINAW DRIVE REDWOOD CITY, CA 94063 | Daniel Lichaa Tel: 855-877-6365 Email: daniel.lichaa@impossiblefoods.com | Trade | | | | $2,446,179 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 7 | SENTRY INSURANCE<br>1800 NORTH POINT DRIVE<br>STEVENS POINT, WI 54481 | Daniel Giles<br>Tel: 715-498-2223<br>Email: dan.giles@sentry.com | Trade | | | | $1,868,345 |
| 8 | M&T BANK<br>PO BOX 4560<br>BUFFALO, NY 14240-4560 | Karen D. Budniak<br>Tel: 856-330-8038<br>Email: kbudniak@mtb.com | Deficiency Claim | | | | $1,680,360 |
| 9 | DARDEN DIRECT DISTRIBUTION, INC.<br>1000 DARDEN CENTER DRIVE<br>ORLANDO, FL 32837 | Bruce Brown<br>Tel: 407-245-6224<br>Email: BBrown@darden.com | Customer Prepayment | | | | $1,686,801 |
| 10 | ASSOCIATED MILK PRODUCERS INC<br>29246 NETWORK PLACE<br>CHICAGO, IL 60673-1292 | Christina Globes<br>Tel: 507-354-8295<br>Fax: 507-359-8668<br>Email: hulkeb@ampi.com | Trade | | | | $1,640,502 |
| 11 | TYSON FRESH MEATS INC<br>PO BOX 28958<br>NEW YORK, NY 10087 | Rachael Woolfley<br>Tel: 403-362-3457<br>Fax: 403-501-2100<br>Email: rachael.woolfley@tyson.com | Trade | | | | $1,595,767 |
| 12 | CARGILL MEAT SOLUTIONS CORP<br>PO BOX 3021<br>BOSTON, MA 02241-3021 | Lauren Sanabria Arrieta<br>Tel: 316-291-2605<br>Fax: 952-249-4164<br>Email: Orderrelease_cps@cargill.com | Trade | | | | $1,577,254 |
| 13 | TRIDENT SEAFOODS CORP<br>PO BOX 952517<br>SAINT LOUIS, MO 63195-2517 | Joshua Luna<br>Tel: 800-367-6065<br>Fax: 206-297-5801<br>Email: deductions@tridentseafoods.com | Trade | | | | $1,547,836 |
| 14 | GRAPHIC PACKAGING INTL INC<br>PO BOX 645689<br>PITTSBURGH, PA 15264 | Madison Raley<br>Tel: 901-419-4038<br>Fax: 318-362-2131<br>Email: evangeline.webb@graphicpkg.com | Trade | | | | $1,524,745 |
| 15 | PERDUE FARMS INC<br>PO BOX 536474<br>PITTSBURGH, PA 15253-5906 | Valerie Haldeman<br>Tel: 800-457-3738<br>Fax: 410-543-3387<br>Email: arbackup@perdue.com | Trade | | | | $1,462,702 |
| 16 | ECOLAB INC<br>PO BOX 32027<br>NEW YORK, NY 10087 | Miranda Seebeck<br>Tel: 800-222-2588<br>Fax: 651-225-3054<br>Email: distributor.credit@ecolab.com | Trade | | | | $1,420,491 |
| 17 | KOCH FOODS OF CINCINNATI<br>PO BOX 71233<br>CHICAGO, IL 60694-1233 | Krista Aquilo<br>Tel: 847-384-5940<br>Fax: 847-384-5962<br>Email: krista.aquilio@kochfoods.com | Trade | | | | $1,390,731 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 18 | STRATAS FOODS LLC<br>PO BOX 11407<br>BIRMINGHAM, AL 35246-2477 | Robin Sarratt<br>Tel: 901-387-2200<br>Fax: 901-433-8620<br>Email: credit@stratasfoods.com | Trade | | | | $1,349,198 |
| 19 | MICHAEL MCCUEN, AS PLAINTIFF<br>445 HAMILTON AVENUE<br>WHITE PLAINS, NY 10601-1807 | Jeremiah Frei-Pearson<br>Tel: 914-298-3281 ext 32804<br>Fax: 914 824 1561<br>Email: jfrei-pearson@fbfglaw.com | Class Action Settlement | | | | $1,300,000 |
| 20 | SMITHFIELD<br>PO BOX 74008622<br>CHICAGO, IL 60674 | Cheryl Luetger<br>Tel: 630-281-5200<br>Fax: 408-990-2855<br>Email: shdeductions@smithfield.com | Trade | | | | $1,197,411 |
| 21 | KRAFT HEINZ FOODS COMPANY<br>PO BOX 13063<br>NEWARK, NJ 7188 | Susan King<br>Tel: 570-706-4199-...<br>Fax: 570-472-6652<br>Email: cash_remit_support@kraftfoods.com | Trade | | | | $1,148,180 |
| 22 | FRESH MARK INC<br>PO BOX 731400<br>DALLAS, TX 75373-1400 | John Colcalzier<br>Tel: 800-860-6777<br>Fax: 330-830-3174<br>Email: creditdept@freshmark.com | Trade | | | | $1,145,287 |
| 23 | PACTIV LLC<br>29935 NETWORK PLACE<br>CHICAGO, IL 60673-1299 | Athena Blight<br>Tel: 847-482-2341<br>Fax: 847-810-3337<br>Email: ver_cash_applications@pactiv.com | Trade | | | | $1,091,033 |
| 24 | PENSKE TRK LEASING CO LP<br>PO BOX 827380<br>PHILADELPHIA, PA 19182-7380 | Tyler Hard<br>Tel: 607-723-8391<br>Fax: 607-723-8413<br>Email: pics.wires@penske.com | Trade | | | | $1,069,382 |
| 25 | MICHAEL FOODS INC<br>27890 NETWORK PLACE<br>CHICAGO, IL 60673-1278 | Dennis Winrow<br>Tel: 612-595-4766<br>Fax: 952-258-4710<br>Email: mary.nguyen@michaelfoods.com | Trade | | | | $1,028,913 |
| 26 | T MARZETTI COMPANY<br>DEPT L-818<br>COLUMBUS, OH 43260 | Joelene Lowe<br>Tel: 614-396-5809<br>Fax: 614-396-0823<br>Email: remitdetail@marzetti.com | Trade | | | | $1,012,985 |
| 27 | AIM NATIONALEASE<br>4944 BELMONT AVE<br>YOUNGSTOWN, OH 44505 | Matt Svancara<br>Tel: 330-759-0438<br>Fax: 330-759-3721<br>Email: blyda@aimntls.com | Trade | | | | $1,008,561 |
| 28 | PECO FOODS INC<br>PO BOX 71273<br>CHICAGO, IL 60694-1273 | Williesha Bennett<br>Tel: 205-345-4711<br>Fax: 205-366-4519<br>Email: amedina@pecofoods.com | Trade | | | | $932,829 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29 | S&D COFFEE INC<br>PO BOX 752010<br>CHARLOTTE, NC 28275 | Kathryn Poole<br>Tel: 704-782-3121<br>Fax: 704-782-7617<br>Email: poolek@sndcoffee.com | Trade | | | | $912,085 |
| 30 | RJB PROPERTIES INC<br>75 REMITTANCE DRIVE STE 1878<br>CHICAGO, IL 60675-1878 | Diana Alvarez<br>Tel: 708-479-4422<br>Fax: 708-479-7722<br>Email: diana@rjb-properties.com | Trade | | | | $908,781 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| MAINES FUNDING CORPORATION, | ) Case No. 20-____ (__) |
| Debtor. | ) |

## LIST OF EQUITY SECURITY HOLDERS

| Name | Address | Type/Class of Stock Held | Percentage of Issued and Outstanding Shares |
|---|---|---|---|
| Maines Paper & Food Service, Inc. | Maines Paper & Food Service, Inc. 101 Broome Corporate Parkway PO Box 450 Conklin, NY 13748 | Common Stock | 100.0% |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| MAINES FUNDING CORPORATION, | ) Case No. 20-____ (__) |
| Debtor. | ) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Percentage of Shares Held |
|---|---|
| Maines Paper & Food Service, Inc. | 100% |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) |
| MAINES FUNDING CORPORATION, | ) Case No. 20-____ (__) <br> ) |
| Debtor. | ) <br> ) |

## CERTIFICATION OF CREDITOR MATRIX

Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above-captioned debtor and its affiliated debtors in possession (collectively, the "Debtors") hereby certify that the *Creditor Matrix* submitted contemporaneously herewith contains the names and addresses of the Debtors' creditors. To the best of the Debtors' knowledge, the *Creditor Matrix* is complete, correct, and consistent with Debtors' books and records.

The information contained herein is based upon a review of the Debtors' books and records as of the petition date. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed. Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

**Fill in this information to identify the case:**

Debtor name  **Maines Funding Corporation**

United States Bankruptcy Court for the:  **DISTRICT OF DELAWARE**

Case number (if known)

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration    **List of Equity Security Holders; Corporate Ownership Statement; and Certification of Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **06/10/2020**    X  _[signature]_
Signature of individual signing on behalf of debtor

**John C. DiDonato**
Printed name

**Chief Restructuring Officer**
Position or relationship to debtor